## MANUFACTURERS TRUST CO OF NEW YORK v POLLAK

Ohio Appeals, 1st Dist, Hamilton Co

No 5513. Decided January 30, 1939

exceptions, and, moreover, it would avail plaintiff nothing, since, under §8673-13, GC, no attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy.

The judgment of the court of common pleas is reversed, and judgment may be entered in this court quashing the service.

ROSS, PJ, and MATTHEWS, J, concur.

Milton H. Schmidt, Cincinnati, for appellee.

Freiberg & Evans, Cincinnati, for appellant.

## MILK PRODUCERS ASSN v LAWSON MILK CO.

Ohio Appeals, 9th Dist, Summit Co

No. 2960. Decided Feb 9, 1938

Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellant.

Amer, Sophrin & Cunningham, Akron, for appellee.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

The motion to dismiss the appeal is overruled.

The question for decision is the correctness of the action of the trial court in overruling defendant's motion to dismiss an attachment and to quash the service of publication on the nonresident defendant.

The proceeding being an action in rem, the service to be good must be based on a valid attachment of defendant's property.

In this case there was no seizure of property. The bill of exceptions shows "an order of garnishment was issued to Carrie B. Pollak, who filed an answer stating that she was not indebted to the defendant, and had no property of his in her possession. The bill of exceptions fails to show any further effort to seize any property of defendant.

There being no valid attachment shown, the trial court erred in overruling defendant's motion to quash the service by publication.

It was argued that defendant has an interest in remainder in certain stocks in the possession of Carrie B. Pollak, the life tenant. This is not disclosed in the bill of